## TEAMING AGREEMENT

WHEREAS FALLSWAY CONSTRUCTION ("FALLSWAY CONSTRUCTION") and Betance Enterprises, Inc. ("BEI") have identified an opportunity to perform renovation and construction projects at the United States Department of Treasury building and annex located at 1500 Pennsylvania Avenue, Washington D.C.;

WHEREAS FALLSWAY CONSTRUCTION is qualified as a HUBZone Small Business Concern as determined by the United States Small Business Administration;

WHEREAS BEI has been admitted into the 8(a) program by the United States Small Business Administration;

WHEREAS BEI can perform various services, including program management and compliance with government contract requirements, that FALLSWAY CONSTRUCTION needs to be able to perform these renovation and construction services;

WHEREAS FALLSWAY CONSTRUCTION and BEI have complementary technical skills and capabilities;

WHEREAS FALLSWAY CONSTRUCTION and BEI agree to work together to prepare and submit proposals to perform these renovation and construction projects and, if FALLSWAY CONSTRUCTION's proposal is selected for contract awards, to negotiate a subcontract to perform certain of the services required by each of the awarded contracts, with FALLSWAY CONSTRUCTION serving as the prime contractor and BEI serving as a subcontractor; and

WHEREAS FALLSWAY CONSTRUCTION and BEI desire to define their rights and obligations concerning such renovation and construction projects.

THEREFORE, FALLSWAY CONSTRUCTION and BEI agree as follows:

1.      FALLSWAY CONSTRUCTION and BEI hereby form a team to prepare proposals for renovation and construction work at the above-listed location for the U.S. Department of Treasury building and annex.  FALLSWAY CONSTRUCTION will not propose, seek or accept any contract for such renovation and construction services apart from the provisions of this Agreement, unless previously agreed to in writing by the parties.

2.      FALLSWAY CONSTRUCTION will serve as the prime contractor for these renovation and construction project, unless otherwise agreed by the parties.

3.      FALLSWAY CONSTRUCTION and BEI will cooperate in the preparation and negotiation of the proposals for each renovation and construction project. Each party will bear its own costs of proposal preparation and negotiation. BEI will promptly furnish all information and assistance reasonably requested by FALLSWAY CONSTRUCTION. In any ensuing



PLAINTIFF'S EXHIBIT

_____/_____

tabbies

subcontract, BEI will accept reasonable contract language, including clauses and provisions as required by the Department of Treasury in the prime contract.

4.     In preparing the proposals for such projects, FALLSWAY CONSTRUCTION and BEI may disclose Business Confidential or Proprietary information to each other.  FALLSWAY CONSTRUCTION and BEI agree that the receiving party may not use or disclose such information for any purpose except for preparing and negotiating this proposal, absent the written permission of the disclosing party.

5.     Should the U.S. Department of Treasury select FALLSWAY CONSTRUCTION for contract award, FALLSWAY CONSTRUCTION and BEI shall negotiate in good faith, using the pricing contained in the proposal, a subcontract providing for the performance by BEI of the program management and government contract compliance tasks necessary for the performance of the renovation and construction services as well as any other tasks as agreed to by the parties.

6.     FALLSWAY CONSTRUCTION agrees to pay BEI's invoices within 10 days of receipt of payment from the Government.

7.     Each party agrees that it shall not, without the prior written approval of the other party, solicit for employment any person who was employed by the other party, for a period of six months after the termination of this agreement or any ensuing subcontract, including subcontract options.

8.     The parties shall comply with all applicable federal, state, and local laws and regulations.

9.     FALLSWAY CONSTRUCTION and BEI are independent companies and this Agreement does not create a joint venture or partnership nor make either company the agent for the other party, except as provided in this Agreement.

10.     FALLSWAY CONSTRUCTION and BEI shall obtain insurance at the coverage levels required by the solicitation or otherwise agreed by the parties.  Each party agrees to defend, indemnify and hold harmless the other party from and against all costs, damages, causes of action, losses or demands of any nature arising from injury or death to any person or persons or damage to public or private property resulting from the negligence of the party, its agents, employees or subcontractors.

11.     Neither party may assign its obligations or responsibilities under this Agreement without the prior written authorization by the other party.

12.     This Agreement shall remain in effect for 1 year unless the Agreement is terminated or extended by the mutual written agreement of the parties.  *Washington D.C* ~~AKH /~~

13.     This agreement is governed by the laws of ~~California~~ *Washington D.C* and any dispute relating to this Agreement shall be resolved by a single arbitrator pursuant to the Commercial Arbitration Rules of the American Arbitration Association in ~~Los Angeles County, California~~. *Washington D.C AKH /*

14.     This Agreement constitutes the entire agreement of the parties in connection with their relationship for preparing a proposal and negotiating a subcontract pursuant to this solicitation and this Agreement supersedes any previous agreements, oral or written.  Changes to this Agreement may only be made in writing and executed by authorized representatives of FALLSWAY CONSTRUCTION and BEI.

15.     The parties have caused this Agreement to be executed by their duly authorized representatives on the dates set forth below.

FALLSWAY CONSTRUCTION          Betance Enterprises, Inc.

By                                    By

Title _Pres. dent / Managing Member_   Title _Snr. Project Manager_

Date _7/25/11_                       Date _7-22-11_

MEMORANDUM OF UNDERSTANDING

Between

Fallsway Construction Co. Inc. Company

And

Betance Enterprises, Inc.

This Memorandum of Understanding ("MOU"), dated as of ⎵July 22⎵ , YEAR 2011

("Effective Date") is by and between the FALLSWAY CONSTRUCTION, (hereinafter "FALLSWAY CONSTRUCTION"), and Betance Enterprises, Inc., (hereinafter "BEI").

RECITALS

WHEREAS, FALLSWAY CONSTRUCTION and BEI have entered into a Teaming Agreement, dated _____ , to pursue contracting opportunities at the Department of the Treasury , in Washington D.C.

WHEREAS, in the judgment of the FALLSWAY CONSTRUCTION and BEI, it is necessary and desirable to clarify record and agree to certain details in the execution of the aforementioned teaming agreement that may, or may not, have been specifically addressed in the teaming agreement.

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual covenants contained herein, the parties hereto agree as follows:

AGREEMENT

Purpose

To establish a cooperative agreement between FALLSWAY CONSTRUCTION (the Prime) and BEI (the Subcontractor ) to have BEI provide the performance of the program management, government contract compliance tasks necessary, and other specified scopes of work identified in any specific renovation and construction project awarded to the team.

I.   FALLSWAY CONSTRUCTION agrees that a major part of BEI's prime responsibilities is to identify subcontractors and vendors, solicit subcontractor RFP's, issue subcontracts, purchase orders and prepare proposals to the Department of the Treasury with oversight and the final approval of said proposals, subcontracts etc. to FALLSWAY CONSTRUCTION.

II.     FALLSWAY CONSTRUCTION agrees that BEI will employ its own proven and suitably modified subcontracts, invoices and other forms that have been successfully used for operational purposes with DoT in the past.

III.    FALLSWAY CONSTRUCTION agrees to pay BEI and all other subcontractor's approved invoices within 10 business days of receipt of payment from the Government.

IV.     FALLSWAY CONSTRUCTION agrees that BEI shall retain the right to pursue on its own or with another qualified prime contractor, any contract opportunity that is offered to the team that FALLSWAY CONSTRUCTION cannot provide sufficient bonding  for, and ultimately is disqualified for award by the government.

V.      FALLSWAY CONSTRUCTION agrees that any instance of FALLSWAY CONSTRUCTION's inability to provide bonding for any contract opportunity will constitute a valid reason for termination of the teaming agreement.

VI.     FALLSWAY CONSTRUCTION agrees that BEI's subcontractor fees for project management services on any and all contracts shall be no less than 9% of the total contract amount for each project, plus 20% of the gross margin of each project. The gross margin will be calculated by subtracting subcontractor costs (including BEI) and bonding costs from the total contract amount. The remaining sum will be considered the gross margin for the purposes of this agreement.

VII.    The parties have caused this MOU to be executed by their duly authorized representatives on the dates set forth below.


FALLSWAY CONSTRUCTION

By _____

Title _President / Managing Member_

Date _7/25/11_


Betance Enterprises, Inc.

By _____

Title _Senior Project Manager_

Date _7-22-11_

Bond No.   MDIFSU0572782

| PAYMENT BOND<br>*(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)*<br><br>October 6, 2011 | OMB No.:**9000-0045**<br>Expires: 11/30/2012 |
|---|---|---|

Public reporting burden for this collection of information is estimate to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405.

PRINCIPAL *(Legal name and business address)*

Fallsway Construction Company, LLC

2235 Madison Avenue

Baltimore, MD 21217

| TYPE OF ORGANIZATION *("X" one)* | |
|---|---|
| ☐ INDIVIDUAL | ☐ PARTNERSHIP |
| ☐ JOINT VENTURE | ☒ CORPORATION |

STATE OF INCORPORATION

MD

SURETY(IES) *(Name(s) and business address(es)*

International Fidelity Insurance Company

11350 McCormick Road, Suite 907

Hunt Valley, MD 21031

PENAL SUM OF BOND

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 3 | 839 | 850 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| September 6, 2011 | TOS-11-F-038 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. for payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| Fallsway Construction Company, LLC | PRINCIPAL | | | |
|---|---|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | 2. *(Seal)* | 3. *(Seal)* | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | 1. Karen Tisdale Managing Member / President | 2. | 3. | |

| INDIVIDUAL SURETY(IES) | | |
|---|---|---|
| SIGNATURE(S) | 1. *(Seal)* | 2. *(Seal)* |
| NAME(S) *(Typed)* | 1. | 2. |

| | CORPORATE SURETY(IES) | | |
|---|---|---|---|
| SURETY A | NAME & ADDRESS | International Fidelity Insurance Company<br>11350 McCormick Road, Suite 907, Hunt Valley, MD 21031 | STATE OF INC.<br>NJ | LIABILITY LIMIT<br>$ |
| | SIGNATURE(S) | 1. | | 2. |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Beth K. McNellis   Attorney-in-Fact | | 2. |

INTERNATIONAL FIDELITY INSURANCE CORPORATE SEAL 1904 NEW JERSEY

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

PLAINTIFF'S EXHIBIT

2

tabbies



## CORPORATE SURETY(IES) (Continued)

| | | | | STATE OF INC. | LIABILITY LIMIT $ | | |
|---|---|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |
| **SURETY C** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |
| **SURETY D** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |
| **SURETY E** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |
| **SURETY F** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |
| **SURETY G** | NAME & ADDRESS | | | STATE OF INC. | LIABILITY LIMIT $ | | Corporate Seal |
| | SIGNATURE(S) | 1. | | 2. | | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | | 2. | | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)."

In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

**STANDARD FORM 25A (REV. 10-98) BACK**

Tel (973) 624-7200

# POWER OF ATTORNEY
# INTERNATIONAL FIDELITY INSURANCE COMPANY
HOME OFFICE: ONE NEWARK CENTER, 20TH FLOOR
NEWARK, NEW JERSEY 07102-5207

KNOW ALL MEN BY THESE PRESENTS:  That INTERNATIONAL FIDELITY INSURANCE COMPANY, a corporation organized and existing laws of the State of New Jersey, and having its principal office in the City of Newark, New Jersey, does hereby constitute and appoint

Beth K. McNellis _____ as attorney-in-fact to execute the following Surety bond:

Surety Bond Number: MDIFSU0572782
Principal: Fallsway Construction Company, LLC
Obligee: United States of America

and the execution of such instrument in pursuance of these presents, shall be as binding upon the said INTERNATIONAL FIDELITY INSURANCE COMPANY, as fully and amply, to all intents and purposes, as if the same had been duly executed and acknowledged by its regularly elected officers at its principal office.

This Power of Attorney is executed, and may be revoked, pursuant to and by authority of Article 3-Section 3, of the By-Laws adopted by the Board of Directors of INTERNATIONAL FIDELITY INSURANCE COMPANY at a meeting called and held on the 7th day of February, 1974.

The President or any Vice President, Executive Vice President, Secretary or Assistant Secretary, shall have power and authority

(1) To appoint Attorneys-in-fact, and to authorize them to execute on behalf of the Company, and attach the Seal of the Company thereto, bonds and undertakings, contracts of indemnity and other writings obligatory in the nature thereof and,

(2) To remove, at any time, any such attorney-in-fact and revoke the authority given.

Further, this Power of Attorney is signed and sealed by facsimile pursuant to resolution of the Board of Directors of said Company adopted at a meeting duly called and held on the 29th day of April, 1982 of which the following is a true excerpt:

Now therefore the signatures of such officers and the seal of the Company may be affixed to any such power of attorney or any certificate relating thereto by facsimile, and any such power of attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company and any such power so executed and certified by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached.



IN TESTIMONY WHEREOF, INTERNATIONAL FIDELITY INSURANCE COMPANY has caused this instrument to be signed and its corporate seal to be affixed by its authorized officer, this 29th day of August, A.D. 2003.

INTERNATIONAL FIDELITY INSURANCE COMPANY

STATE OF NEW JERSEY
County of Essex

Secretary

On this 29th day of August 2003, before me came the individual who executed the preceding instrument, to me personally known, and, being by me duly sworn, said the he is the therein described and authorized officer of the INTERNATIONAL FIDELITY INSURANCE COMPANY; that the seal affixed to said instrument is the Corporate Seal of said Company; that the said Corporate Seal and his signature were duly affixed by order of the Board of Directors of said Company.



IN TESTIMONY WHEREOF, I have hereunto set my hand affixed my Official Seal, at the City of Newark, New Jersey the day and year first above written.

A NOTARY PUBLIC OF NEW JERSEY
My commission Expires Nov. 21, 2015

### CERTIFICATION

I, the undersigned officer of INTERNATIONAL FIDELITY INSURANCE COMPANY do hereby certify that I have compared the foregoing copy of the Power of Attorney and affidavit, and the copy of the Section of the By-Laws of said Company as set forth in said Power of Attorney, with the ORIGINALS ON IN THE HOME OFFICE OF SAID COMPANY, and that the same are correct transcripts thereof, and of the whole of the said originals, and that the said Power of Attorney has not been revoked and is now in full force and effect.

IN TESTIMONY WHEREOF, I have hereunto set my hand this   6th   day of October, 2011

Assistant Secretary